**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

DEC 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RANJIT SINGH, | No.    17-73273 |
| Petitioner, | Agency No. A208-562-314 |
| v. | |
| MATTHEW G. WHITAKER, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 27, 2018**

Before:    CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Ranjit Singh, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' order dismissing his appeal from an immigration judge's

decision denying his application for asylum, withholding of removal, and relief

under the Convention Against Torture ("CAT").  We have jurisdiction under

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on omissions in Singh's credible fear interview and on inconsistencies between Singh's declaration, testimony, and documentary evidence as to the date and number of times Singh was arrested and harmed in India. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011) (omission constituting a material alteration of petitioner's story may support an adverse credibility determination); *Shrestha*, 590 F.3d at 1048 (adverse credibility finding reasonable under the totality of the circumstances). Singh's explanations do not compel a contrary conclusion. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Singh's CAT claim also fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not he would be tortured if returned to India. *See id.* at 1156-57.

Finally, we reject Singh's contentions that the agency did not consider all of

17-73273

his evidence.

**PETITION FOR REVIEW DENIED.**